IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES MAGOLETTA GREEN, #318101    :

    Petitioner    :

v.    :  CIVIL ACTION NO. JFM-05-1321

CIRCUIT COURT OF HARFORD    :
COUNTY, et al.,
    :
    Respondents

## MEMORANDUM

Pending is a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 filed by Petitioner, pro se, James Magoletta Green, a state prisoner incarcerated at the Eastern Correctional Institution. By his petition, he challenges his 2004 conviction in the Circuit Court for Harford County for distribution of narcotics. Respondent, J. Joseph Curran, through counsel has moved to dismiss the petition for failure to exhaust available state remedies.

Upon review of the pleadings, the Court finds no need for an evidentiary hearing. See 28 U.S.C. Section 2254(e)(2); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. The petition will be dismissed without prejudice for failure to exhaust available state remedies.[1]

On January 14, 2004, Petitioner pleaded guilty in the Circuit Court for Harford County to

---

[1] In a §2254 habeas action, the proper respondent is the state officer with actual custody of a petitioner. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts. Accordingly, in the event Petitioner later refiles his petition, the proper respondent is the warden of the facility where he is an inmate.

distribution of cocaine. The record indicates that he did not file for leave to appeal judgment. On March 10, 2004, Petitioner filed for post conviction relief, attacking his guilty plea and claiming he had received ineffective assistance of counsel. The post conviction court conducted a hearing on November 4, 2004. The matter remains pending in state court.

Before a petitioner may file for habeas relief under 28 U.S.C. §2254, he must exhaust each claim presented to the federal court by seeking review in the highest state court with jurisdiction to consider the claim. See 28 U.S.C. §2254 (b) and (c); see also Rose v. Lundy, 455 U.S. 509, 522 (1982). For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust a claim through post conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. Md. Crim. Proc. Code Ann. §7-109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. See Md. Cts. & Jud. Proc. Code Ann., §12-202. However, if the application is granted but relief on the merits of the claim is denied, a petitioner must file a petition for writ of certiorari to the Court of Appeals. See Williams v. State, 292 Md. 201, 210-11 (1981).

In light of his pending petition for post conviction relief, Petitioner has yet to exhaust available avenues for state redress. Accordingly, a separate Order will be entered dismissing the petition without prejudice to allow Petitioner to exhaust his state court remedies. Petitioner is cautioned that there is a one-year filing deadline for state prisoners filing applications for a writ of habeas corpus in

federal court. See 28 U.S.C. § 2244(d).[2]  Should he seek to refile this petition once he has exhausted his available state court remedies, he should take care not to miss this deadline. A separate order follows.

---

[2]This section provides:

    (1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States ir removed, if the applicant was prevented from filing by such State action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

    (2)    the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

August 1, 2005                                          /s/
Date                                                    J. Frederick Motz
                                                        United States District Judge